UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**THOMAS GRIEB**,

    Plaintiff,

                                                                        2:24-cv-265-JLB-NPM

v.

**KEVIN RAMBOSK**, **SEAN SWEENEY**,
**TATIANA ORTEGA**, **MICHAEL GARCIA**,
**BRYAN MCDUFFIE**, and **JOSHUA ROBINSON**,

    Defendants.

---

**ORDER**

Plaintiff Thomas Grieb brought this civil rights action against defendants Kevin Rambosk, Sean Sweeney, Tatiana Ortega, Michael Garcia, Bryan McDuffie, and Joshua Robinson after he was arrested and allegedly beaten at the Naples Jail Center. As part of his damages, Grieb alleges he suffered emotional injuries. (Doc. 22). So, defendants seek to compel a Rule 35 mental examination of Grieb and have selected Dr. Lori Butts to conduct a remote psychological exam.[1] (Doc. 54).

---

[1]     Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 35(a) falls under this scope of discovery umbrella and provides, in part, that:

> (1) … The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner ....
>
> (2) … The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place,

Grieb does not dispute that good cause exists for the proposed exam, or that the exam is relevant and proportional, but instead requests that certain conditions and limitations be established for the exam. Specifically, Grieb requests that his wife and his attorney be present for the examination, that it be recorded, that Dr. Butts not be allowed to conduct a deposition or quasi-deposition, and that the exam last no longer than two hours. (Doc. 55). On July 7, 2025, the court conducted a hearing on the motion to compel. (Doc. 60).

We find no good cause to depart from the norm. Concerning the presence of third parties, the majority view in federal court is to exclude them from Rule 35 examinations absent special circumstances. *See Bradshaw v. Zagorac*, No. 5:24-cv-37-JSM-PRL, 2024 WL 4956757, *1 (M.D. Fla. Dec. 3, 2024) (collecting cases). "[T]he party seeking to have the observer present bears the burden of demonstrating 'good cause' for the request pursuant to Fed. R. Civ. P. 26(b), as the presence of a third party is not typically necessary or proper." *Gordon v. United States*, No. 20-14118, 2021 WL 879204, *2 (S.D. Fla. Mar. 8, 2021) (citation omitted). Grieb has not met his burden. Although he alleges that his experiences leading up to this case have taken an "emotional toll" on him, that he has a distrust of authority, and that the exam is at the behest of defendants—the very same authority that allegedly beat

---

manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

him—these are not special circumstances. To be sure, mental examinations are often conducted to determine the mental or emotional impact of an event that is at the center of litigation, and adversarial parties frequently request such examinations. And while Grieb expresses a distrust of defendants, he has not pointed to any circumstances suggesting that Dr. Butts might conduct something other than an ethical and professional examination. Notably, Grieb did not object to the defendants' choice of Dr. Butts as the examiner. So, this request is denied. *See Wailes v. Doherty, et al.*, No. 3:21-cv-180-BJD-PDB, 2021 WL 3679108, *1 (M.D. Fla. August 19, 2021) (plaintiff failed to show any special circumstances for allowing the presence of his counsel and videographer at the examination).

Grieb's argument that the examination should be recorded because there is a fear that the doctor may attempt to take a quasi-deposition is also not persuasive. This is a speculative argument that could be (and too often is) made about any Rule 35 examination, and it does not present any special circumstances. As noted above, there is no evidence that Dr. Butts will do anything more than what her profession requires. Furthermore, during the hearing, plaintiff counsel conceded that many practitioners refuse to conduct similar examinations in state court because they are often recorded. As such, this request is denied. *See Hightower v. Macclenny Tire & Lube, Inc.*, No. 3:19-cv-219-J-32PDB, 2019 WL 6465057, *3 (M.D. Fla. Dec. 2, 2019) ("Instead of imposing conditions that detract from the core purpose of the

examinations and invite compliance disputes, the Court defers to the traditional standards by which doctors and lawyers are governed for reasonable assurance that the examinations will be conducted in a professional manner.").

As for the length of the exam, there is no reason to doubt that Dr. Butts will spend any more time with Grieb than professionally necessary. So, the defendants' proposed limit of six hours is reasonable. *See generally, Schlunt v. Verizon Directories Sales-West, Inc.*, No. 3:05-cv-666-J-25MCR, 2006 WL 1643727, *4 (M.D. Fla. June 12, 2006) (limiting mental exam to five hours). Likewise, the scope of the exam has been adequately defined.

Finally, the examination shall take place within two weeks of this order. If the parties cannot agree on a date and time within three business days, they must contact chambers, and we will select a date and time. If defendants intend to use Dr. Butts as a Rule 26(a)(2) witness or Grieb requests a copy of her report, defendants must produce the report within fourteen days of the exam.

Defendants' motion (Doc. 54) is **GRANTED**. The exam will be conducted in accordance with this order.

**ORDERED** on August 25, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge